UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MILTON SIMON,

                                **Plaintiff,**

                -against-

**CITY OF NEW YORK DEPARTMENT OF
CORRECTIONS, et al.,**

                                **Defendants.**

-----------------------------------------------------------------X

18-CV-12063 (JGK)(SN)

<u>ORDER</u>

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/9/2020

**SARAH NETBURN, United States Magistrate Judge:**

      This pro se case concerns allegations that, on two occasions, Plaintiff was assaulted by inmates and denied appropriate medical care while in the custody of the Department of Correction. Plaintiff's claims are interpreted to raise deliberate indifference claims under the Due Process Clause. This case has been pending since December 20, 2018, and discovery is scheduled to close on March 31, 2020.

      At a December 3, 2019 conference, Defense counsel contended that City hospitals will not produce complete medical records if a patient does not authorize the release of records related to HIV treatment and/or drug treatment (the "Highly Sensitive Information") despite that the form used allows for the withholding of those categories of records. (Plaintiff has authorized the release of mental health records.) Because of the lack of relevance of these records to the claims and defenses, I sustained Plaintiff's objection to releasing the Highly Sensitive Information. By letter dated February 3, 2020, Defendants contend that it has received "an incomplete set of medical records." Defendants do not explain how this set is incomplete or state with authority that the problem is related to the limited authorization. To the extent the Plaintiff

has not submitted an authorized release for City and State medical records that includes mental health records, he is ORDERED to do so immediately. On this record, however, the Court will not require the Plaintiff to release the Highly Sensitive Information. The medical release form is a City form, and it authorizes a patient to release all medical records while withholding authorization to Highly Sensitive Information. If the City medical providers are not honoring this form, the Court would like to hear directly from a City official who can explain this situation.

In the February 3, 2020 letter, Defendants also claim that the Plaintiff has suggested (to counsel, not to the Court) that Plaintiff intends to amend his complaint "to include his criminal case." Defendants therefore request a release of Plaintiff's sealed criminal records. Plaintiff has not filed an amended complaint and the time to do so has expired. Accordingly, Defendants' request is DENIED.

Finally, Defendants' letter also notifies the Court that, despite Defendants' diligent effort, the identity of C.O. John Doe (Clinic-Post), see ECF No. 13, remains unknown. Plaintiff is notified that the Court may dismiss the case without prejudice as to C.O. John Doe (Clinic-Post) for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure, absent additional information (*i.e.*, information not included in previous submissions) leading to that Officer's identification.

**SO ORDERED.**

DATED: March 9, 2020
New York, New York

_____
SARAH NETBURN
United States Magistrate Judge

cc: Milton Simon
DIN No. 17-A-5211
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562