```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
MILTON SIMON,                                                          :
                                                                       :
                              Plaintiff,                               :    18 Civ. 12063 (JPC) (SN)
                                                                       :
               -v-                                                     :    ORDER ADOPTING
                                                                       :    REPORT AND
CITY OF NEW YORK DEPARTMENT OF                                         :    RECOMMENDATION
CORRECTIONS et al.,                                                    :
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JOHN P. CRONAN, United States District Judge:

Plaintiff Milton Simon, proceeding *pro se*, brings this action under 42 U.S.C. § 1983 for violations of the Due Process Clause of the Fourteenth Amendment and Article 1, Section 6 of the New York Constitution against Deputy Warden C. Johnson, Physician's Assistant Gerard Auguste, Doctor Devour, Correction Officer M. Mills, Correction Officer A. Alvarez, and C.O. John Doe (Clinic-Post). Plaintiff alleges that, while a pretrial detainee at the Otis Bantum Correctional Center on Rikers Island, he was assaulted by other detainees on August 22, 2016 and October 26, 2016. Dkt. 13 ¶¶ 22-23, 42. Construing his claims liberally, Plaintiff alleges deliberate indifference to his safety, deliberate indifference to his medical needs following those assaults, and conspiracy.

Defendants have moved for summary judgment under Federal Rule of Civil Procedure 56 and to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 99. By Order dated July 29, 2022, the Honorable Sarah Netburn, to whom this case has been referred, Dkt. 81, issued a Report and Recommendation, recommending that the motion for summary judgment be granted as to the section 1983 claims and the motion to dismiss be granted as to the

state claims. Dkt. 112. With respect to the federal claims, Judge Netburn concluded, *inter alia*, that Plaintiff failed to raise a triable issue of material fact as to whether he faced a substantial risk of serious harm that Defendants disregarded, *id.* at 11, that the undisputed facts demonstrate that his injuries from the two alleged assaults were not objectively serious, *id.* at 13, that even if those injuries were serious there is no evidence that Defendants were deliberately indifferent to his medical needs, *id.* at 14, and that Plaintiff failed to point to any evidence of a conspiracy between his alleged assailants and Defendants, *id.* at 15. Judge Netburn further concluded that Plaintiff's state constitutional tort claim was barred because his notice of claim failed to name the individual Defendants, therefore not putting them on notice, and because Plaintiff commenced his federal action more than one year and ninety days after any cause of action accrued. *Id.* at 16-17.

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in a Report and Recommendation. 28 U.S.C. § 636(b)(1)(C). If a party submits a timely objection to any part of the magistrate judge's disposition, the district court will conduct a *de novo* review of the contested section. Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). If no objections are made, the Court reviews the Report and Recommendation for clear error. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Report and Recommendation, citing both Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1), advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. Dkt. 112 at 17-18. No objections have been filed and the time for making any objections has passed. The parties have therefore waived the right to object to the Report and Recommendation or to obtain appellate review. *See*

*Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604-05 (2d Cir. 2008) (reviewing caselaw establishing that a *pro se* litigant waives appellate review when the litigant does not timely object to a report and recommendation after receiving notice from the magistrate judge of the consequences of failing to do so).

Notwithstanding this waiver, the Court has conducted a *de novo* review of the Report and Recommendation, and finds it to be well reasoned and its conclusions well founded. Accordingly, the Court ADOPTS the Report and Recommendation in its entirety.

SO ORDERED.

Dated: August 23, 2022
New York, New York

_____
JOHN P. CRONAN
United States District Judge