UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
:
MILTON SIMON,                                                          :
:
                     Plaintiff,    :
:         18 Civ. 12063 (JPC) (SN)
      -v-                                                            :
:              ORDER
CITY OF NEW YORK DEPARTMENT OF                                         :
CORRECTIONS *et al.*,                                                  :
:
                     Defendants.  :
:
-----------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

      On June 20, 2019, *pro se* Plaintiff Milton Simon sued Defendants following two alleged incidents at the Otis Bantum Correctional Center on Rikers Island. Dkt. 13. On August 23, 2022, the Court adopted the Honorable Sarah Netburn's Report and Recommendation, and granted the motion by Defendants Deputy Warden C. Johnson, Physician's Assistant Gerard Auguste, Correction Officer M. Mills, and Correction Officer A. Alvarez for summary judgment on Plaintiff's claims pursuant to 42 U.S.C. § 1983 and to dismiss his state law claims. Dkt. 115. As such, those four Defendants were terminated from this case. *Id.*

      Two Defendants remain, who are named as "C.O. John Doe (Clinc-Post [sic])" (the "Clinic John Doe") and "Doctor Devour of Medical" ("Doctor Devour") in the Amended Complaint. Dkt. 13 at 1. On July 12, 2019, the Honorable John G. Koeltl, to whom this case was previously assigned, issued a so-called *Valentin* order directing the New York City Law Department (the "Law Department") to identify multiple John Doe Defendants including the Clinic John Doe as well as Doctor Devour. Dkt. 17 at 3 (citing *Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997)). That order also directed Plaintiff to file a second amended complaint correctly naming these Defendants within thirty days of receiving their true names. *Id.* at 4. Judge Koeltl further explained that,

following that amendment and if necessary, he would issue an order either asking Defendants to waive service or directing the Clerk of Court to provide documentation to the U.S. Marshals Service to effect service on the identified Defendants. *Id.* at 4. On September 27, 2019, the Law Department identified Doctor Devour as P.A. Yves Duverne. Dkt. 22. On March 9, 2020, after the Law Department reported that it still had been unable to identify the Clinic John Doe based on information provided by Plaintiff, Dkt. 45, Judge Netburn notified Plaintiff that the Clinic John Doe may be dismissed from this case without prejudice for failure to prosecute under Federal Rule of Civil Procedure 41 unless Plaintiff provided additional identifying information for that individual. Dkt. 50 at 2. To date, Plaintiff has not provided that additional information, nor has he further amended his Complaint[1] to name P.A. Yves Duverne. And neither the Clinic John Doe nor P.A. Yves Duverne has been served.

When, as here, a plaintiff has failed to prosecute his case or comply with court orders, a court may dismiss the case under Federal Rule of Civil Procedure 41(b). *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("[I]t is unquestioned that Rule 41(b) . . . gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute . . . ."); *Lucas v. Miles*, 84 F.3d 532, 534-35 (2d Cir. 1996) ("Rule 41(b) of the Federal Rules of Civil Procedure authorizes the district court to dismiss an action when a plaintiff fails to comply with any order of the court."). Courts must consider five factors in deciding whether to dismiss a case under Rule 41(b):

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest

---

[1] On September 3, 2021, Judge Netburn directed the Clerk of the Court to amend the caption of the Amended Complaint, pursuant to Federal Rule of Civil Procedure 21, to name Correction Officers Mill and Alvarez as Defendants after the Law Department identified these individuals. Dkt. 84.

2

>   in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lucas,* 84 F.3d 532 at 535.

Here, the five factors point toward dismissing Plaintiff's case against the Clinic John Doe and Doctor Devour without prejudice.  First, Plaintiff has failed to comply with the Court's orders to provide more information regarding the Clinic John Doe for nearly a year and a half and to amend his Complaint to include the true name of Doctor Devour for nearly two years.  *See Sanders v. Ramos*, No. 12 Civ. 5302 (GBD) (JCF), 2013 WL 594229, at *1 (S.D.N.Y. Feb. 14, 2013) (dismissing case brought by a *pro se* plaintiff under Rule 41(b) because the "[p]laintiff ha[d] failed to comply with three court orders over the course of several months and was put on notice that failure to comply could result in dismissal").  Second, Judge Netburn's March 9, 2020 order warned Plaintiff that failure to provide further information regarding the Clinic John Doe would result in that Defendant's dismissal without prejudice.  Dkt. 50; *see also* Dkt. 79 (August 5, 2021 order noting that, in March 2020, the Court had "warned Plaintiff that it was likely to dismiss the third defendant (the 'clinic area' correction officer) if that person could not be identified").  Third, the Court may presume prejudice when a plaintiff's delay is "lengthy and inexcusable."  *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 256 (2d Cir. 2004).  "The delay here i[s] inexcusable: Plaintiff has not complied with the Court's directives and has not taken any steps to advance this matter despite multiple Orders directing him to do so."  *Urgiles v. Dep't of Corr. of New York State*, No. 20 Civ. 4373 (PMH), 2021 WL 3682238, at *3 (S.D.N.Y. Aug. 19, 2021).  The likely prejudice to Defendants is compounded by the fact that Plaintiff's claims involve conduct that allegedly occurred approximately six years ago.  Fourth, after balancing the need to alleviate court congestion with Plaintiff's right to due process, the Court has determined that dismissal is appropriate.  "Noncompliance with court orders undermines the ability of the Court to manage its docket and

dispense justice to all litigants in an expeditious manner." *Id.* (quotations and alteration omitted). And lastly, fifth, the Court has considered the possibility of a less drastic sanction than dismissal. However, the fact that Plaintiff failed to comply with the Court's orders for such an extended period of time indicates that "[P]laintiff appears to have abandoned the litigation, [so] dismissal is appropriate." *Id.*

The Court therefore dismisses this case without prejudice[2] with respect to Defendants "C.O. John Doe (Clinc-Post)" and "Doctor Devour of Medical." The Clerk of Court is respectfully directed to close this case, enter judgment, and mail a copy of this order to the *pro se* Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: August 26, 2022
      New York, New York

                                                JOHN P. CRONAN
                                                United States District Judge

---

[2] Although the Court makes no finding on this issue, the Court acknowledges that Plaintiff's claims against the Clinic John Doe and P.A. Yves Duverne may now be time-barred.